UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KRISTINA RUBIO,

    Plaintiff,

v.

CITIBANK, N.A., and
ROLANDO SANTOS,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Kristina Rubio ("Rubio"), through her undersigned attorneys, files this Complaint against the Defendants, Citibank, N.A. (the "corporate Defendant") and Rolando Santos ("Defendant Santos") (collectively referred to as "Defendants"), and alleges:

## JURISDICTION AND VENUE

1. This suit is brought against the Defendants pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA").

2. Jurisdiction is conferred upon this Court by:

    (a)    28 U.S.C. § 1331;

    (b)    28 U.S.C. § 1343; and

    (c)    29 U.S.C. § 216(b), which allows for a FLSA claim to be brought in any court of competent jurisdiction.

3. Venue is proper for the Southern District of Florida because:

    (a)    Rubio was employed in the Southern District of Florida by the corporate Defendant which at all material times conducted, and continues to conduct, business in Miami-Dade County; and

(b)     Additionally, venue lies because the acts that gave rise to Plaintiff's claims occurred in the Southern District of Florida and because the corporate Defendant keeps an office for the transaction of its customary business in this district (Corporate Defendants have branch offices through Miami-Dade), and Rolando Santos resides in Miami-Dade County.

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4.     Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5.     Rubio resides within this judicial district.

6.     Defendant CITIBANK, N.A. at all times material, conducted substantial and continuous business in this judicial district, and are subject to the laws of the State of Florida and the United States.  The corporate Defendant owns and operates a banking branch in Coral Gables, Florida at which for all material times Rubio worked for and her labor benefited.

7.     The corporate Defendant paid employees and paid Rubio (through Santos) and has gross annual sales volume that greatly exceeds $500,000 annually.  The corporate Defendant has two or more employees engaged in commerce, as they have two or more employees who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida.  For example, in the South Florida location Defendant has at least 15 employees two or more who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida (and thus have moved in interstate commerce).  Further, the Defendant has various employees make long distance phone calls (suppliers, internet purchases, customers, and others) and sent emails to individuals who reside out of the State of Florida regularly and recurrently to effectively communicate for the businesses to operate.

8. Additionally, Rubio is entitled to individual coverage, as she regularly and recurrently made calls to customers, suppliers, banking representatives, prospective customers, and customers across state lines and thus she participated in the actual movements of goods or services and commerce across state lines.

9. Individual Defendant Santos was the Miami District Manager of the corporate Defendant and operates it day-to-day and has operational control over the corporate Defendant deciding financial decisions and having say over numerous employees and directing their work day-to-day, including how much they would be paid and when they would be paid, as the individual Defendant had the power the hire and fire, daily managed the company and was ultimately responsible for the profitability of the business.

10. Concerning Rubio, Defendant Santos told her what to do, assigned her work, managed the operations day-to-day, determined how much and whether she would be paid (failed to compensate her during mandatory 14-day covid-19 quarantine on two occasions even though all other employees were paid), and Rubio had to follow the individual Defendant's orders.

11. The corporate Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act, and so too is the individual Defendant.

12. The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act. The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act. During all times relevant to this action, the corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

13. Rubio was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

14. Rubio was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described in Paragraphs 23, 24, and 25 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Rubio performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

15. Within the past three (3) years (2018 through 2020), Rubio worked for the Defendant performing various duties. Rubio worked under the title "Personal Banker." She had no ability to hire or fire or make effective recommendations for such decisions, nor did she supervise two or more full-time employees. Rubio was an hourly nonexempt employee entitled to overtime. Rubio had to clock in and out for lunch, but work through it. Personal Bankers, including Rubio, were required to work "off the clock" because the Defendants required more work than could be performed within Rubio's scheduled hours and failed to provide Rubio's branch with sufficient staff to relieve Rubio to take her lunch break. Defendants directed Rubio to clock out during lunch but required her to remain on the job to attend to customers.

16. Rubio did not have the ability to hire or fire anyone (nor did she hire or fire anyone), and she did not regularly and customarily direct the work of any employees, much less two or more full-time workers.

17. Rubio was only given tasks that were designed to facilitate production work of the Defendant, such as assisting clients with their accounts, bank products, and bank services, all of which consisted of regular, recurrent, and routine work that did not involve her exercising independent judgment and discretion on matters of significance.

18. During Rubio's employment, Rubio did not have any authority to interview, select, and/or train employees. Rubio did not have any authority to set and adjust the rates of pay and hours of work for any employees. Rubio had no authority to direct the work of employees.

19. While Rubio worked for the Defendants, she never appraised employees' productivity and/or efficiency for the purpose of recommending promotions or other changes in status. While Rubio worked for the Defendants, she never handled employee complaints and grievances, as that was for the Defendants to do. Also, Rubio never disciplined employees, nor did she have the power or authority to do that. Rubio never determined any techniques to be used by employees to do their job. Rubio never apportioned work among any employees, as there were no employees who reported to her to whom to apportion work. Rubio never determined the type of materials, supplies, machinery, equipment, or tools to be used by any employees, as the Defendants or the employees themselves decided all of that. Rubio had no involvement in controlling the flow and distribution of materials or merchandise and supplies. Rubio had nothing whatsoever to do with materials, merchandise, or supplies or their distribution. Rubio had no involvement with respect to budgeting. Rubio was not involved in reviewing any sort of company financial documents or statements of the building, and she did not review any such documents, nor was Rubio supposed to. Rubio had no involvement in monitoring or implementing legal compliance measures. There were no legal issues that Rubio had anything to do with in terms of deciding how they would be handled or dealt with while she worked for Defendant, nor did she have anything to do with paperwork concerning new employees or hires. Rubio simply followed the established techniques and procedures with respect to her duties, all of which were repetitive, routine, and recurrent work.

20. Rubio did not perform work that was directly related to management or general business operations of Defendants or their customers, because Rubio did not perform work directly

related to assisting with the running or servicing of the business. Rubio also did not perform work directly related to the management or general business operations of the Defendants because Rubio did not work in a functional area such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

21. In the course of employment with Defendant, Rubio worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

22. Rubio regularly worked in excess of forty (40) hours per workweek—45-50 hours per week on average.

23. The Defendant should have partial accurate records of hours worked, because it required Rubio to login on a computer (though she was given tasks and worked off of the clock when instructed to, including working through lunch every day).

24. Rubio has retained the undersigned legal counsel to prosecute this action in her behalf, and has agreed to pay them a reasonable fee for their services.

25. Rubio is entitled to her reasonable attorneys' fees for prosecuting this action, whether or not she is the prevailing party.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

26. Rubio re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 25 above as though fully set forth.

27. Rubio is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

28. By reason of the intentional, willful, and unlawful acts of Defendant, Rubio has suffered damages, *e.g.*, back pay for overtime wages, liquidated damages, and compensatory damages, plus incurring costs and reasonable attorneys' fees.

29. As a result of the Defendant's willful violations of the Act, and the failure to pay overtime which was not in good faith, as discussed above, Rubio is entitled to liquidated damages as provided in § 216 of the FLSA, and is entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Rubio demands judgment against Defendants for the wages and overtime payments due her for the hours worked by her for which she has not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including pre-judgment interest, and any further relief that the Court deems necessary.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: ___October 12, 2021_____

                Respectfully submitted,

                By:__s/Chris Kleppin_____
                      Chris Kleppin
                      Fla. Bar No. 625485
                      ckleppin@gkemploymentlaw.com
                      Allyson Morgado
                      Fla. Bar No. 91506
                      amorgado@gkemploymentlaw.com
                      The Kleppin Law Firm
                      *Attorneys for Plaintiff*
                      8751 W. Broward Boulevard
                      Suite 105
                      Plantation, FL 33324
                      Tel: (954) 424-1933
            Secondary E-Mail:   assistant@gkemploymentlaw.com